IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H-D U.S.A., LLC, <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A", <br><br> Defendants. | Case No.: 1:21-cv-06694 <br><br> **Judge John Robert Blakey** <br><br> **Magistrate Judge Young B. Kim** |

**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION
TO REQUIRE COMPLIANCE WITH LOCAL RULE 83.15**

COME NOW QY Printing Store (hereinafter referred to as "Moving Defendant") in response to the Plaintiff's Motion to Require Compliance With Local Rule 83.15 [ECF 67], state as follows:

The purpose of Local Rule 83.15 is to ensure prompt service of papers. A nonresident attorney "shall appear before this Court only upon having designated as local counsel a member of the bar of this Court having an office within this District upon **whom service of papers may be made**." N.D. Ill. Local R. 83.15(a). The duty of the local counsel is to be "responsible for receiving service of notices, pleadings, and other documents and promptly notifying the nonresident attorney of their receipt and contents," and "[t]his rule does not require local counsel to handle any substantive aspects of the litigation." N.D. Ill. Local R. 83.15(c).

The purpose of Local Rule 83.15 requiring a nonresident attorney to designate a local counsel to ensure prompt service is void under current situation. On Dec. 22, 2021, Plaintiff has

filed Motion for Electronic Service of Process Pursuant to F.R.C.P. 4(f)(3). [ECF 15] In that Motion, Plaintiff Counsel sought this Court's authorization to effectuate service of process by e-mail and electronic publication, and this Court granted Plaintiff's Motion. In reality, Xingyi Tao can be promptly notified of the service, and no paper materials were exchanged during the case, so Local Rule 83.15 shall not apply to current situation.

Even if there are still minimum needs of service by paper, this Court is at discretion to choose not to strike Moving Defendant's Motion, and the Court should allow Xingyi Tao to continue solely representing Moving Defendant or at least extend the 30-day requirement for two reasons. N.D. Ill. Local R. 83.15(a).

First, after respectful investigation, Xingyi Tao was not or did not notice to be notified in writing that the designation must be made within 30 days according to Local Rule 83.15(b).

Second, Moving Defendant will face undue burden to dismiss this case if required to designate a local counsel. Until now, Plaintiff has not met its burden to prove jurisdiction over Moving Defendant, who provided an affidavit declaring under penalties of perjury to have sold no Plaintiff's product anywhere on earth since 2017. [ECF 52, Exhibit A, ¶16 & 18] A detailed sales record showing all of Moving Defendant past sales with searching key words has been sent to Plaintiff on 01/27/2022 in excel form. [ECF 52, Exhibit A, ¶18] Plaintiff has access to Moving Defendant's Store page, and Plaintiff should have been able to copy and search the key words and find at least one sale related to this case if there is any. However, Plaintiff did not report to find any relevant sales yet. Moving Defendant, as a Chinese company that operates in China, has faced great geographic, language, and cultural barriers to appear in this Court. Thus, there is a reason to suspect that, found it difficult to prove jurisdiction, Plaintiff is trying to take unfair

geographic advantage over Moving Defendant by increasing Moving Defendant's cost of dismissing itself.

For reasons stated above, this Court should allow Xingyi Tao to continue solely representing Moving Defendant or at least allow Xingyi Tao to solely representing Moving Defendant until an order of Moving Defendant's Motion to Dismiss is entered.

DATED this 1st day of March, 2022.

Respectfully submitted,

/s/ Xingyi Tao
Xingyi Tao
Chongqing Qianyu Law Firm,
Counsel for Moving Defendant
Xixia Rd No. 18, Yubei Dist.
Chongqing, China
T: +86-18623196385
xingyitao1@126.com

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that on March 1st, 2022, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

<u>/s/ Xingyi Tao</u>
